The document below is hereby signed.

Signed: June 4, 2014



*S. Martin Teel Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| RICHARD L. SIMPSON and | ) | Case No. 13-00509 |
| FRANCES R. SIMPSON, | ) | (Chapter 13) |
| | ) | Not for publication in |
| Debtors. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION RE DEBTORS' COUNSEL'S
APPLICATION FOR ALLOWANCE OF ATTORNEY'S FEES

The debtors' counsel's amended application for allowance of attorney's fees and reimbursement of expenses (Dkt. No. 78) will be allowed in part.[1]  The application seeks the recovery of $4,877.00 in fees for work not covered by the $3,000 flat fee, plus a balance of $319.00 owed on the flat fee.

Several of the time entries as to which the attorney seeks fees beyond the flat fee relate to obtaining confirmation of a

---

[1] The attorney's amended disclosure of compensation fails to disclose fully the terms of compensation, but with the retainer agreement having been filed (and clarifications in the application itself--that the flat fee has been reduced to $3,000, and the amounts of the hourly rates), there has been a complete disclosure of the agreed terms of compensation.  In the future, in order for a Rule 2016(b) disclosure of compensation statement to comply with § 329 of the Bankruptcy Code, the Rule 2016(b) statement should fully disclose the agreed terms of compensation.

plan.  The retainer agreement reflects that the work covered by the $3,000 flat fee was to include "[p]repare the Chapter 13 Plan and prosecute it through confirmation."  The following time entries (for work allegedly not covered by the flat fee) are disallowable because they fall within the scope of that task covered by the flat fee; or are disallowable as relating to the preparation of amended schedules,[2] or as relating to an examination of claims (incident to moving the case towards confirmation of a plan), tasks covered by the flat fee; or are disallowable as duplicative services:

| 01/16/2014 | Review file to prep for conversation with trustee. | 238.00 |
| --- | --- | --- |
| 01/16/2014 | Discuss case and issues at length with trustee.  I will go to hearing and continue talks there with her and DC, and possibly tax lien investor, counsel. | 204.00 |
| 01/17/2014 | Prep for confirmation hearing. | 306.00 |
| 01/17/2014 | Travel to and attend confirmation hearing.  Negotiate with trustee and DC govt re claims and plan. | 306.00 |

---

[2]  The retainer agreement specifically included assisting the debtors "in the amendments to the papers filed and the production of such documents as the trustee requests."

| | | |
|---|---|---|
| 01/17/2014 | Review file.  Review POCs and issues with Tidewater and DC income tax claims.[3]  Type up notes and to do's. | 204.00 |
| 01/24/2014 | Draft and file new amended plan and motion to sell. | 153.00[4] |
| 01/24/2014 | Calculate funding for new plan. | 272.00 |
| 01/24/2014 | Amend schedules to be consistent with filed Proofs of Claim.  Calculate funding necessary for plan. | 306.00 |
| 01/24/2014 | Prepare new plan. Edit. File with the court. | 238.00 |
| 01/27/2014 | Respond to his email re claims.  Send him POCs for 2 unsec'd creditors and see if wife wants to object. | 136.00 |
| 01/28/2014 | Prep instructions for associate for 4th amended plan and service of it and motion to sell. | 51.00[5] |
| 01/28/2014 | Draft and file 4th amended chapter 13 plan with the court. | 192.50 |

---

[3]    Examining claims is part of evaluating what a plan must provide, and is a necessary step in deciding whether an objection to claim is warranted in order to make the plan confirmable.  No objection to claim was filed, so I need not decide whether an objection to claim, a contested matter under Rule 9014, would have been covered by the flat fee.  The retainer agreement is not clear on that point.  Adversary proceedings are excluded, as are court appearances on matters other than objections to confirmation of the debtor's plan.  Although certain contested matters are excluded, objections to claims are not listed as being excluded.

[4]    This entry was for $306.00, but I am treating half of it as relating to the motion to sell.

[5]    This entry was for $102, but I am treating half of it as relating to the motion to sell.

3

| 01/28/2014 | Prepare package containing Motion, Notice and Plan and mail it to all creditors. | 70.00[6] |
| --- | --- | --- |
| 02/04/2014 | Call clients and remind them they need to take second course. | 52.50[7] |

These entries come to $2,729. Accordingly, the additional fees sought of $4,877.00 are reduced by $2,729.00 to $2,148.00. The application will be granted to the extent of allowing an administrative claim of $2,148.00 in fees not covered by the flat fee plus a balance of $319.00 owed on the flat fee, for a total allowed administrative claim of $2,467.00 to be paid by the chapter 13 trustee under the confirmed plan. An order follows.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.

---

[6] This entry was for $140, but I am treating half of it as relating to the motion to sell.

[7] This time entry is being disallowed as duplicative of a time entry of the same date for the same tasks performed by another attorney for $136.